## HERMAN HOFFER v. A. H. POWERS and Another.[1]

November 18, 1910.

Nos. 16,770, 16,771—(125, 126).

**Injury to servant — verdict sustained by evidence.**

Evidence considered, in this a personal injury case, and *held*, that it is sufficient to sustain the finding of the jury to the effect that the plaintiff was, when injured, in the employ of the defendants, that he was injured by their negligence while attempting to couple an engine to a car, and that the damages awarded are not excessive.

Action in the district court for St. Louis county against A. H. Powers and George A. R. Simpson, partners doing business as the Rock Lake Lumber Company, by Herman Hoffer, a minor, to recover $300 special damages and $7,000 general damages for injuries received while in defendants' employ, and an action by Omar Hoffer, father of Herman Hoffer, to recover $1,700 general damages and $300 special damages for loss to the father because of his son's accident. The substance of the pleadings is stated in the opinion. The cases were tried together before Cant, J., and a jury which returned a verdict for $1,500 in favor of the son and one for $400

[1]Reported in 128 N. W. 299.

in favor of the father. From an order denying defendants' motion for judgment notwithstanding the verdicts or for a new trial, they appealed. Affirmed.

*Fryberger & Fulton,* for appellants.

*J. De La Motte,* for respondents.

START, C. J.

The plaintiffs in these actions are father and son, and each commenced an action against the defendants in the district court of the county of St. Louis to recover damages which each had sustained by injuries received by the son while in the employ of the defendants by reason of their alleged negligence.

The complaint alleged that the son, a minor of seventeen years, was employed by the defendants as a fireman and brakeman in the operation of their railroad; that while he was attempting to couple the engine to a car his left hand was caught, and his thumb and index finger were thereby smashed and rendered useless; and that such injuries were received by reason of the defective condition of the coupling appliances, due to the negligence of the defendants, and by the negligent operation of the engine. The answer in each action admitted that the defendants were partners, denied the allegations of the complaint, except as admitted, and affirmatively alleged that any injury sustained by the son was caused by his own negligence, and that the plaintiffs' claims had been compromised and a release given in full satisfaction of all claims for damages. The affirmative allegations of the answer were put in issue by the reply.

The actions were tried together, and a verdict returned for the son for $1,500, and for the father for $400. The defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial.

The principal contention of the defendants on this appeal is that the son, when injured, was not in their employ, but that he was then employed by the corporation of Powers-Simpson Company, which was operating the railroad. The jury, in addition to their general verdicts, were directed by the court to answer this question: "At the time that Herman Hoffer received the injuries in question here,

was the engine by which he was injured being operated by the above-named defendants, or by the Powers-Simpson Company, a corporation?" The jury answered: "The Rock Lake Lumber Company." The general verdicts, under the charge of the court, necessarily include a finding to the same effect. The defendants here urge and argue at great length the proposition that such finding of the jury is wholly unsupported by the evidence, which conclusively shows that the engine was being operated by the corporation.

One of the defendants, who was an active member of both the copartnership and the corporation, testified that the son was never at any time employed by the copartnership. He, however, testified on his cross-examination as follows: "Q. Have you brought your books down here, Mr. Simpson? A. No. Q. That, of course, would show what men were working for the Rock Lake Lumber Company, and what men were working for the Powers-Simpson Company? A. Yes, sir. Q. Did you know that you were going to interpose any such defense as this here? A. No, sir; I hadn't the slightest idea. Q. You didn't have the slightest idea of it. How was it that the Powers-Simpson Company didn't have any bank account? A. For reasons of our own. * * * Q. You paid all of its bills? A. Yes, sir. Q. Yes; when you hired this man, or any of these men, did you tell them who were hiring them? A. They knew I was hiring them. Q. They knew you were hiring them? A. Yes. Q. And you were the Rock Lake Lumber Company? A. Yes; also the Powers-Simpson Company. Q. Well, they knew you were hiring them; but did you tell them whether you were hiring them as the Powers-Simpson Company, or whether you were hiring them as the Rock Lake Lumber Company? A. It would not make any difference to them, as long as they were getting the job. Q. No; the only thing they could tell was simply the way they were paid off? A. Exactly. Q. That is it; and you paid them off under the name of the lumber company? A. I paid them off with the Rock Lake Lumber Company check. Q. That was in the name of the Rock Lake Lumber Company? A. Nothing was said about the Rock Lake Lumber Company. Q. It was signed on your check? A. It was signed that way; that is all there was about it. Q. It was not signed

'Powers-Simpson Company'? A. No. Q. And this release that you got from the boy that was introduced in evidence yesterday was given to the Rock Lake Lumber Company, wasn't it? A. Both."

This witness was corroborated by other witnesses in some degree in his statement that the son was hired by the corporation. Nevertheless it is quite apparent from the answer interposed and the statement of the witness that he had not the slightest idea that such a defense was going to be interposed, that the defense was an afterthought, and that it was purely technical. On the other hand, the son testified to the effect that he was employed by the defendants, and he was corroborated by circumstantial evidence of much force.

A careful consideration of the whole record leads us to the conclusion that the question whether the son was employed by the defendants or the corporation was made by the evidence one of fact, and that the finding of the jury thereon is fairly sustained by the evidence.

It is also urged that the evidence is not sufficient to sustain a finding by the jury that the son's injuries were caused by any negligence of the defendants. We find it sufficient, and, further, that the damages awarded are not so excessive as to justify any interference with the award of the jury.

Order affirmed.